IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ERIC J. RHODES,

    Plaintiff,

v.                                        Case No. _____

GAP, INC.,

    Defendant.

## COMPLAINT

COMES NOW Plaintiff Eric J. Rhodes and brings this action against his former employer GAP, Inc. for discrimination on the basis of race and for retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and for racial discrimination and retaliation in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

### PARTIES

1.     Plaintiff Eric J. Rhodes is an African-American male resident of Gallatin, Tennessee and former employee of GAP, Inc.

2.     Defendant GAP, Inc. is a California corporation doing business throughout the State of Tennessee and the Middle District of Tennessee. Defendant employed Plaintiff at its distribution warehouse facility located at 100 Gap. Blvd., Gallatin, TN 37066.

### JURISDICTION

3.     The Court has jurisdiction over Plaintiff's claims brought under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e pursuant to 28 U.S.C. §§ 1331 and 1343(4).

4. Plaintiff timely filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission. (Ex. A). He received his Notice of Right to Sue dated May 2, 2011 on May 4, 2011. (Ex. B). Plaintiff now files this complaint within 90 days of his receipt of that Notice.

## STATEMENT OF FACTS

5. On or about May 18, 1998, Plaintiff was hired by Defendant as a Merchandise Handler.

6. Plaintiff continually met or exceeded Defendant's standards of performance from throughout his more than ten years of service. Plaintiff during his tenure had served as a team leader, assistant supervisor, SBI trainer, merge operator, and a Point of Contact (POC).

7. On November 14, 2007, Plaintiff applied for the position of Process Coordinator. In lieu of Plaintiff, Defendant hired a less experienced and less qualified white female, Ms. Tara Williamson. Ms. Williamson had only seven months experience working at Defendant's facility and an associate's degree as a medical assistant, which is an unrelated field. Defendant's decision to promote a less qualified white employee was made on account of Plaintiff's race.

8. In or around February, 2008, Plaintiff met with Wendy Morrison, a human resource manager for Defendant. Plaintiff inquired as to the reasons that he did not receive the Process Coordinator position. Plaintiff indicated that he believed race had played a factor in the decision. Ms. Morrison told Plaintiff to "Hold off on the using the race card." Ms. Morrison never conducted an investigation into Plaintiff's complaint of racial discrimination.

9. On May 23, 2008, Plaintiff submitted a list of questions to Lori Page and Wendy Morrison that once again contained a complaint of racial discrimination in the application and decision process for the Process Coordinator position. Plaintiff requested a response to the

questions within two weeks. Defendant once again failed to conduct an investigation into Plaintiff's complaints of discrimination.

10. On June 5, 2008, Defendant terminated Plaintiff allegedly for taking an authorized break. Other employees of Defendant have taken unauthorized breaks and were not terminated.

11. Defendant's proffered reason for Plaintiff's termination is mere pretext for the actual reason, which was retaliation for Plaintiff's protected activity in complaining about racial discrimination.

## **CAUSES OF ACTION**

12. Plaintiff incorporates the foregoing paragraphs though specifically set forth herein, and alleges that:

13. Defendant's actions constitute unlawful racial discrimination and retaliation in violation of 42 U.S.C. § 1981;

14. Defendant's actions constitute unlawful racial discrimination and retaliation in violation of 42 U.S.C. §§ 2000e et seq.;

15. As a direct and proximate result of Defendant's unlawful, discriminatory and retaliatory conduct toward Plaintiff, Plaintiff has lost wages and benefits and has sustained other pecuniary loss. Plaintiff, as a result of Defendant's actions, has suffered damage to his professional career and professional reputation, as well as to his personal reputation. Defendant's discriminatory practices and retaliation have been demeaning to Plaintiff and have caused him to suffer pain, humiliation, and embarrassment, as well as emotional distress; and

16. Defendant's unlawful actions complained of above were intentional, malicious, and taken in reckless disregard to the statutory rights of Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the following relief be granted following a jury verdict in his favor:

1. Back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

2. Front pay and the value of future lost benefits since reinstatement is not feasible;

3. Compensatory damages against Defendant in an amount to be determined by the jury;

4. Punitive damages against Defendant in an amount to be determined by the jury;

5. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorneys' fees allowed under actions brought pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 2000e; and,

6. Such further relief as is deemed just and proper.

Respectfully submitted.

DONATI LAW FIRM, LLP

*[signature]*

Donald A. Donati #8633
William B. Ryan #20269
Bryce W. Ashby #26179
1545 Union Avenue
Memphis, TN 38104
901/278-1004
bryce@donatilawfirm.com

Attorneys for Plaintiff